BARRY, Judge.
Plaintiff sued the defendant bank seeking return of alleged usurious interest paid on a promissory note which he personally endorsed on behalf of a corporation he served as president. Defendant filed several exceptions including no cause of action and lis pendens. The District Court dismissed plaintiff’s lawsuit on the exception of no cause of action from which plaintiff now appeals.
The claim of usury is defeated when the facts conflict with the provisions of LSA R.S. 12:703 which provides:
Notwithstanding any other provisions of the law of this state to the contrary, any debtor that is a domestic corporation ... may agree to pay interest in excess of the maximum rate of conventional interest authorized by the laws of this State ... and as to any such agreement such debt or corporation ... shall be prohibited from asserting a claim or defense of usury or of the taking of interest in excess of the maximum rate of conventional interest, and any person .. . whatsoever signing as co-maker, guarantor or endorser for such debtor corporation ... shall also be prohibited from asserting any such claim or defense.
Reed Printing & Custom Graphics, Ltd. was the original borrower which agreed to pay defendant interest in excess of the legal maximum rate. R.S. 12:703 is clear and unambiguous in providing that whether plaintiff signed as co-maker, guarantor or endorser for the debtor corporation he “shall also be prohibited from asserting any such claim or defense”. Accordingly, the trial court’s dismissal of plaintiff’s lawsuit on the peremptory exception of no cause of action was proper.
Defendant’s plea of Lis Pendens also has merit since there is pending in this court an appeal involving the same promissory note. In that litigation usury was raised as a defense by the corporate borrower and its personal endorser (plaintiff here). The District Court rejected the usury defense and rendered judgment in favor of the bank, presenting on that appeal the same issue discussed herein.
However, we find it sufficient to concur that plaintiff failed to state a cause of action and the judgment of the District Court is affirmed. All costs of this appeal to be paid by plaintiff/appellant.

AFFIRMED.